UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

TARA STEPHANI
588 Hunters Run
Hobart, Wisconsin 54155

    Plaintiff,

v.

JC SOLUTIONS
1323 Cook Street
De Pere, Wisconsin 54115

    and

JEFFERY T. CUMMINGS
1323 Cook Street
De Pere, Wisconsin 54115

    Defendants

Case No.: 21-cv-458

**JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW Plaintiff, Tara Stephani, by her counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendants, alleges and shows to the Court as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because this case involves claims under Wisconsin's Wage Payment and Collection Laws

("WWPCL"), and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant(s) reside and/or operate their business in the Eastern District of Wisconsin and the unlawful employment practices of which Plaintiff complains occurred within the Eastern District of Wisconsin.

## PARTIES AND COVERAGE

4. Plaintiff, Tara Stephani, is an adult female resident of the State of Wisconsin with a post office address of 588 Hunters Run, Hobart, Wisconsin 54155.

5. Defendant, JC Solutions, was, at all material times herein, a commercial entity with a principal address of 1323 Cook Street, De Pere, Wisconsin 54115.

6. Defendant JC Solutions is a consulting and business coaching company that operates throughout and across various States, including in the State of Wisconsin, with clients based both in other States and in the State of Wisconsin.

7. Defendant, Jeffery T. Cummings, was, at all material times herein, an individual resident of the State of Wisconsin with a principal address of 1323 Cook Street, De Pere, Wisconsin 54115.

8. Defendant Cummings owns, operates, and manages Defendant JC Solutions.

9. During the relevant time periods as stated herein, Defendant JC Solutions was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

10. During the relevant time periods as stated herein, Defendant JC Solutions employed more than two (2) employees.

11. During the relevant time periods as stated herein, Defendant JC Solutions' annual dollar volume of sales or business exceeded $500,000.

12. During the relevant time periods as stated herein, Defendants were an "employer" as that term is defined under the FLSA and the WWPCL.

13. During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendants, as these terms are defined under the FLSA and the WWPCL.

14. During the relevant time periods as stated herein, Defendant Cummings was an "employer" as that term is defined under the FLSA and/or the WWPCL.

15. During Plaintiff's employment with Defendants, Defendant Cummings supervised Plaintiff's day-to-day activities.

16. During Plaintiff's employment with Defendants, Defendant Cummings had the ability and authority to (and actually did), hire, terminate, promote, demote, and/or suspend Plaintiff and JC Solutions' other employees.

17. During Plaintiff's employment with Defendants, Defendant Cummings reviewed Plaintiff's work performance.

18. During Plaintiff's employment with Defendants, Defendant Cummings established the work rules, policies, and procedures by which Plaintiff abided while performing compensable work for Defendants, on behalf of Defendants, and/or at Defendants' direction.

19. During Plaintiff's employment with Defendants, Defendant Cummings controlled the terms and conditions of Plaintiff's employment.

20. During Plaintiff's employment with Defendants, Defendant Cummings established Plaintiff's work schedule and provided Plaintiff with work assignments and hours of work.

21. During Plaintiff's employment with Defendants, Defendant Cummings tracked and/or recorded Plaintiff's hours of work.

22. During Plaintiff's employment with Defendants, Plaintiff was engaged in commerce or in the production of goods for commerce.

23. During Plaintiff's employment with Defendants and in furtherance of her job duties and responsibilities as part of Defendants' business practice, Plaintiff regularly engaged in interstate communications and/or correspondence with Defendants' customers, prospective customers, and vendors.

## **GENERAL ALLEGATIONS**

24. On or about October 13, 2020, Plaintiff commenced employment with Defendants in the position of Executive Assistant.

25. In Plaintiff's position of Executive Assistant with Defendants, Defendants agreed to pay Plaintiff an annual salary of $67,000, plus a $5,000 hiring bonus, for any and all compensable work performed in her position of Executive Assistant.

26. During the entirety of Plaintiff's employment with Defendants in the position of Executive Assistant, Plaintiff reported directly to Defendant Cummings.

27. On or about March 12, 2021 was Plaintiff's last day of employment with Defendants.

28. During the entirety of Plaintiff's employment with Defendants in the position of Executive Assistant from approximately October 13, 2020 to March 12, 2021, Plaintiff

performed compensable work on behalf of Defendants, for Defendants' benefit, at Defendants' direction, and/or with Defendants' knowledge.

29. During Plaintiff's employment with Defendants, Defendants did not have an established workweek for FLSA and/or WWPCL purposes.

30. During the entirety of Plaintiff's employment with Defendants in the position of Executive Assistant from approximately October 13, 2020 to March 12, 2021, Defendants did not compensate Plaintiff for any hours worked or work performed.

31. During the entirety of Plaintiff's employment with Defendants in the position of Executive Assistant from approximately October 13, 2020 to March 12, 2021, Defendants suffered or permitted Plaintiff to work without compensating her for any hours worked or work performed on their behalf, for their benefit, at their direction, and/or with their knowledge.

32. During the entirety of Plaintiff's employment with Defendants in the position of Executive Assistant from approximately October 13, 2020 to March 12, 2021, Defendants suffered or permitted Plaintiff to work without compensating her with an effective hourly rate of at least $7.25 per hour for any and all hours worked or work performed.

33. During the entirety of Plaintiff's employment with Defendants in the position of Executive Assistant from approximately October 13, 2020 to March 12, 2021, Defendants failed to compensate Plaintiff with agreed-upon compensation for any and all hours worked and work performed on their behalf, for their benefit, at their direction, and/or with their knowledge.

34. During the entirety of Plaintiff's employment with Defendants in the position of Executive Assistant from approximately October 13, 2020 to March 12, 2021, Defendants suffered or permitted Plaintiff to work without appropriately and lawfully compensating her for all hours worked each workweek.

35. Defendants knew or should have known that Plaintiff must be compensated for all hours worked (and for all hours Defendants suffered or permitted her to work) in a workweek in accordance with the FLSA and WWPCL.

36. Defendants had a statutory duty to comply with the FLSA and WWPCL and to remedy FLSA and WWPCL violations of which they were aware and/or of which they should have been aware.

37. Defendants owe Plaintiff earned and unpaid wages for work performed during the entirety of Plaintiff's employment with Defendants for which Plaintiff was not properly and lawfully compensated, in the total amount of $38,346.23, plus an equal amount for liquidated damages and attorneys' fees and costs.

### **FIRST CAUSES OF ACTION – FLSA VIOLATIONS (MINIMUM WAGE)**

38. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

39. Section 206(a)(1) of the FLSA regulates, among other things, the payment of an minimum wage by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

40. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

41. Defendants intentionally violated the FLSA by failing to compensate Plaintiff with an effective hourly rate of at least $7.25 per hour for all hours worked each workweek during her employment with Defendants.

42. Defendants' failure to properly and legally compensate Plaintiff for all compensable work performed at a minimum rate of pay was willfully perpetrated. Defendants have neither acted in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages as described above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendants acted reasonably and with good faith in failing to pay minimum wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

43. As a result of the aforesaid willful violations of the FLSA's provisions, minimum wages have been unlawfully withheld from Plaintiff by Defendants.

44. Plaintiff is entitled to damages equal to the minimum wages due and owing to her within the three (3) years preceding the date of filing of this Complaint, ECF No. 1, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard of whether their conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting her claims against Defendants.

45. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

**SECOND CAUSES OF ACTION – WWPCL VIOLATIONS (MINIMUM WAGES)**

46. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

47. At all times material herein, Plaintiff was an employee of Defendants within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

48. At all times material herein, Defendants were employers of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

49. At all times material herein, Defendants employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

50. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities without receiving compensation for these activities at the hourly rate of $7.25.

51. Defendants willfully and intentionally violated the WWPCL by failing to compensate Plaintiff with an effective hourly rate of at least $7.25 per hour for all hours worked each workweek during her employment with Defendants.

52. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid compensation, injunctive relief requiring Defendants to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

53. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendants, pursuant to the WWPCL.

### THIRD CAUSE OF ACTION – WWPCL VIOLATIONS
### (FAILURE TO PAY AN AGREED-UPON WAGE)

54. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

55. At all times material herein, Plaintiff was an employee of Defendants within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

56. At all times material herein, Defendants were employers of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

57. At all times material herein, Defendants employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

58. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities without receiving compensation for these activities at her previously agreed-upon rate of pay with Defendants.

59. During Plaintiff's employment with Defendants, Defendants failed to compensate Plaintiff for all hours worked and work performed, including but not limited to with agreed-upon wages as defined in Wis. Stat. § 109.01(3), by failing to compensate her with the agreed-upon salary, bonus, and other forms of compensation for any and all hours worked and work performed during her employment with Defendants, totaling $38,346.23, in violation of the WWPCL.

60. The foregoing conduct, as alleged above, constitutes willful violations of the WWPCL.

61. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid compensation, injunctive relief requiring Defendants to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable

relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

62. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendants, pursuant to the WWPCL.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendants to make Plaintiff whole by providing reimbursement for unpaid wages – including but not limited to minimum wages and agreed-upon wages in the total amount of $38,346.23 – for pre-judgment and post-judgment interest, and for all times spent performing compensable work for which Plaintiff was not properly paid by Defendants under the FLSA and WWPCL;

2. Grant to Plaintiff liquidated damages against Defendants;

3. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute; and

4. Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 12th day of April, 2021

        WALCHESKE & LUZI, LLC
        Counsel for Plaintiff

        **s/ *Scott S. Luzi*** _____
        Scott S. Luzi, State Bar No. 1067405

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: sluzi@walcheskeluzi.com