UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TARA STEPHANI,

    Plaintiff,

    v.    Case No. 21-C-458

JC SOLUTIONS and
JEFFERY T. CUMMINGS,

    Defendants.

**DECISION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

Plaintiff Tara Stephani filed the instant action against Defendants JC Solutions and Jeffrey Cummings on April 12, 2021, alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and Wisconsin's Wage Payment and Collection Laws (WWPCL). On February 15, 2022, Plaintiff filed a motion for summary judgment. The response deadline has passed, and Defendants did not oppose the motion.

The Court has reviewed the motion for summary judgment, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that Plaintiff is entitled to summary judgment. *See* Fed. R. Civ. P. 56(e)(3). Based on the proposed findings of fact submitted by Plaintiff and deemed true by the Court, Defendants did not compensate Plaintiff for all hours Defendant permitted her to work from October 13, 2020, through March 12, 2021. The record demonstrates that Defendants owe Plaintiff $28,088.43 in unpaid non-overtime wages under the WWPCL and $2,137.28 in unpaid overtime wages under the FLSA.

Plaintiff asserts that she is entitled to liquidated damages under the FLSA and WWPCL. Employers who violate the FLSA "shall be liable to the . . . employees affected in the amount of

their . . . unpaid overtime compensation [as well as an] additional equal amount as liquidated damages . . . ." 29 U.S.C. § 216(b); *see also* Wis. Stat. § 109.11(2)(a) ("court may order the employer to pay the employee, in addition to the amount of wages due and unpaid . . . increased wages of not more than 50 percent of the amount of wages due and unpaid"). If an employer's violation of the FLSA was in good faith and reasonable, however, it will not be liable for liquidated damages. *See* 29 U.S.C. § 260; *see also Hubbard v. Messer*, 2003 WI 145, ¶ 40, 267 Wis. 2d 92, 673 N.W.2d 676 ("If the wage dispute was the result of an honest misunderstanding, a mistake, or a reasonable dispute, a circuit court might very well not award civil penalties or expenses to an employee."). There is no evidence that Defendants' violation of the FLSA was in good faith or their failure to compensate Plaintiff was the result of an honest misunderstanding, a mistake, or a reasonable dispute. Plaintiff is therefore entitled to liquidated damages pursuant to the WWPCL on the unpaid, non-overtime wages owed in the amount of $14,044.22 as well as liquidated damages pursuant to the FLSA on her unpaid overtime wages in the amount of $2,137.28. Because Plaintiff is entitled to judgment as a matter of law, her motion for summary judgment will be granted. The Court also finds that Defendants' failure to respond to Plaintiff's motion is sufficient cause for the Court to grant the motion as a sanction for noncompliance. *See* Civil L.R. 7(d).

For these reasons, Plaintiff's motion for summary judgment (Dkt. No. 13) is **GRANTED**. Plaintiff is entitled to judgment in the amount of $46,407.21 plus an award of reasonable attorneys' fees and costs. This case is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 14th day of June, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge