UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TARA STEPHANI,

        Plaintiff,

    v.                                 Case No. 21-C-458

JC SOLUTIONS, et al.,

        Defendants.

## DECISION AND ORDER GRANTING PLAINTIFF'S
## MOTION FOR ATTORNEY'S FEES

        Plaintiff Tara Stephani commenced this action against Defendants JC Solutions and Jeffrey Cummings on April 12, 2021, alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and Wisconsin's Wage Payment and Collection Laws (WWPCL). On June 15, 2022, the Court granted Plaintiff's motion for summary judgment and found that she was entitled to judgment in the amount of $46,407.21 plus an award of reasonable attorney's fees and costs. This matter comes before the Court on Plaintiff's motion for attorney's fees and costs in the amount of $23,889.74. To date, Defendants have not filed a response to the motion and the time to do so has passed. For the following reasons, Plaintiff's motion will be granted.

        The FLSA allows "a reasonable attorney's fee to be paid by the defendant, and costs of the action" to a successful plaintiff. 29 U.S.C. § 216(b). A district court calculates attorney's fees using the "lodestar" method: "the number of hours that any attorney worked on the case multiplied by a reasonable hourly rate." *Jeffboat, LLC v. Director, Office of Workers' Compensation Programs*, 553 F.3d 487, 489 (7th Cir. 2009) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Mathur v. Bd. of Trs. of S. Ill. Univ.*, 317 F.3d 738, 742 (7th Cir. 2003)). "If necessary,

the district court has the flexibility to adjust that figure to reflect various factors including the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigants." *Gastineau v. Wright*, 592 F.3d 747, 748 (7th Cir. 2010) (internal quotation marks and citation omitted). "The standard is whether the fees are reasonable in relation to the difficulty, stakes, and outcome of the case." *Connolly v. Nat'l Sch. Bus. Serv., Inc.*, 177 F.3d 593, 597 (7th Cir. 1999). The party seeking the fee bears the burden of producing "satisfactory evidence—in addition to the attorney's own affidavits—that the requested rate[s] are in line with those prevailing in the community." *Id.* Once this burden is satisfied, the burden shifts to the other party to offer evidence that sets forth a "good reason why a lower rate is essential." *Id.* (internal quotation marks and citation omitted). There is a "strong presumption that the lodestar represents the reasonable fee." *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) (internal quotation marks omitted); *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011).

Plaintiff requests an hourly rate of $450.00 for Attorneys James Walcheske and Scott Luzi and $325.00 for Attorney Matthew Tobin of Walcheske & Luzi, LLC. An attorney's reasonable hourly rate is "derived from the market rate for the services rendered." *Pickett*, 664 F.3d at 640. The market rate is "the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question." *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 555 (7th Cir. 1999) (internal quotation marks and citation omitted). To support the requested fees, Plaintiff submitted a declaration from Attorney Robert M. Mihelich demonstrating that the requested rates are in line with what is normally charged for similar services by other practitioners. *See* Mihelich Decl., Dkt. No. 28. The Court finds that Plaintiff has met her burden to establish that the requested rates are reasonable. Plaintiff seeks an award based on 53.6

2

hours of billable time litigating the merits of the matter and preparing the instant motion. The Court concludes that the number of hours expended on this case was reasonable.

Having concluded that the lodestar in this action is $23,145.00 (the hourly rate times the number of hours worked), the Court must consider whether that amount should be adjusted based on a number of factors. *See Hensley*, 461 U.S. at 433–34. "[T]he most critical factor in determining the reasonableness of the award is the degree of success obtained." *Zagorski v. Midwest Billing Serv., Inc.*, 128 F.3d 1164, 1166 (7th Cir. 1997) (internal quotation marks and citation omitted). In this case, the efforts of Plaintiff's counsel resulted in a total award for Plaintiff of $46,407.21. While the amount of attorney's fees may appear disproportionate to Plaintiff's award, the Seventh Circuit has "rejected the notion that the fees must be calculated proportionately to damages." *Anderson v. AB Painting & Sandblasting Inc.*, 578 F.3d 542, 545 (7th Cir. 2009) (internal quotation marks and citation omitted). In addition, Defendants' failure to submit a response to the motion is "sufficient cause for the Court to grant the motion." Civil L.R. 7(d) (E.D. Wis.). Based on the degree of success obtained in this case as well as the absence of any opposition by Defendants, the Court finds no reason to adjust the lodestar amount.

For these reasons, Plaintiff's motion for attorney's fees and costs (Dkt. No. 25) is **GRANTED**. Plaintiff is awarded $23,145.00 in attorney's fees and $744.74 in costs.

**SO ORDERED** at Green Bay, Wisconsin this 2nd day of September, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

3